MANDEL v. COMMISSIONER OF INTERNAL REVENUE.

No. 10061.

United States Court of Appeals Seventh Circuit.

Nov. 2, 1950.

Thomas Hart Fisher, Norman Crawford, Chicago, Ill., for petitioner.

Theron Lamar Caudle, Asst. Atty. Gen., Ellis N. Slack, S. Walter Shine, Assts. to the Atty. Gen., Helen Goodner, and Melva M. Graney, Sp. Assts. to the Atty. Gen., for respondent.

Before KERNER, DUFFY, and FINNEGAN, Circuit Judges.

KERNER, Circuit Judge.

This appeal from a decision of the Tax Court involves income taxes for the years 1942 and 1943. The court sustained the action of the Commissioner of Internal Revenue in assessing deficiencies for the years involved. The question presented is whether, under a separation agreement between the taxpayer and his wife, taxpayer was entitled to a deduction of $18,000 instead of $8,000.

The facts are not in dispute. Taxpayer is the divorced husband of Edna Horn Mandel. They were married in 1924. Two children were born of the marriage—a boy, on February 8, 1927, and a girl, on July 31, 1928. On November 29, 1932, they entered into a written agreement incident to divorce proceedings which, on December 29, 1932, culminated in a divorce decree. The agreement, among other things, provided that the taxpayer should pay to the wife, for and during her life, for the support and maintenance of the wife and their two children, the sum of $18,000 a year in monthly installments of $1,500. While the agreement contained no express statement that $10,000 of the $18,000 was for the support of the two children, it did provide that in the event of the divorce of the wife from the husband and her subsequent remarriage to a person other than her husband, the monthly payments by the husband to her should be reduced to $833.33 per month, and that in the event of the death of a child the monthly payments to the wife should be reduced $416.66 for each child so dying. During each of the years involved, taxpayer, pursuant to the agreement, paid his divorced wife the sum of $18,000, and expended $2,755 in 1942 and $3,196 in 1943 for schooling, clothing and medical expenses of the children. His divorced wife used approximately $2,000 of the $18,000 received during these years for her own personal expenses, and the remaining amounts were used in maintaining the family household.

In his income tax reports for the years in question, taxpayer deducted $8,000 of the $18,000 payments to Mrs. Mandel. In his 1942 and 1943 returns, with respect to the $8,000 deductions, he stated: "Alimony paid to·Edna Horn Mandel—Payment of $18,-000 a year, of which $10,000 is for two children's upkeep (children residing with their mother); in addition to which taxpayer pays children's school tuitions, clothing bills, medical and dental expenses and Summer Camps ................. $8,000.00."

And in his return for 1944 he claimed a deduction of $8,000 for alimony paid to Mrs. Mandel.

Prior to the passage of the 1942 Internal Revenue Act, 56 Stat. 798, the divorced husband paid the tax on alimony. That Act added to the Code § 22(k), 26 U.S.C.A. § 22(k), which provides in part: "In the case of a wife who is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, periodic payments * * * received subsequent to such decree in discharge of * * a legal obligation which, because of the marital or family relationship, is imposed upon or incurred by such husband under such decree or under a written instrument incident to such divorce or separation shall be includible in the gross income of such wife * * *. This subsection shall not apply to that part of any such periodic payment which the terms of the decree or written instrument fix, in terms of an amount of money or a portion of the payment, as a sum which is payable for the support of minor children of such husband. * * *"

Before the Tax Court taxpayer contended that he was entitled to deduct the entire $18,000 on the ground that the agreement did not fix any part of the amount as payable for the support of the children. The court was of the opinion that the mere fact that the agreement provided for a single payment for the support of both the wife and children was not the controlling factor, and that other provisions of the agree-

ment made it evident that a specific sum of the total payment was allocable to the children. And it held that the agreement as a whole sufficiently earmarked and designated $10,000 of each annual payment for the support of the children. It concluded that the $10,000 a year was not deductible under § 23(u) of the Internal Revenue Code.

In this court taxpayer has renewed his contention. He makes the point that § 22 (k) and § 23(u) are remedial, intended to benefit the husband, and should be liberally construed. He argues that, under the provisions of the agreement, no part of the annual $18,000 alimony payments was "fixed, in terms of an amount of money or a portion of the payment, as a sum which is payable for the support of minor children of such husband."

In support of his contention that the alimony payments were deductible under §§ 22(k) and 23(u) taxpayer cites Chapin v. Commissioner, 6 T. C. M. 882; Moitoret v. Commissioner, 7 T. C. 640; and Johnson v. Commissioner, 10 T. C. 647. We have considered these cases, but since we believe they differ on the facts we do not deem it necessary to discuss them.

■ It is true, of course, that the statutes are remedial and must be construed liberally, but they are relief measures only to the limited extent of periodic alimony payments. The relief of the husband must be limited to that which Congress has granted. What the husband may deduct, the wife must pay tax on. Thus it is obvious that in addition to the Government, the parties to the agreement must be considered in any interpretation of either § 22 (k) or 23(u). We agree with the Commissioner that there is no reason for concluding that the statutes should be construed liberally in the husband's favor as against the wife. While it is clear that the intention was to permit deductions of alimony paid by a husband, nevertheless, the husband was expressly denied the right to deduct that part of a periodic payment which was fixed as payable for the support of minor children.

In Budd v. Commissioner, 7 T.C. 413, the separation agreement provided for payment by the husband to his wife of "the sum of Five Hundred ($500.00) Dollars per month for her support and/or alimony, and the support of Robert Ralph Budd until he is ready to enter college to complete his education." In that case, as here, the question presented was whether the amount disallowed as a deduction was a periodic payment which the terms of the written instrument fix "in terms of an amount or a portion of the payment, as a sum which was payable for the support of minor children." The Tax Court in its opinion said:

"If paragraph (3) of the separation agreement, which we have set out in our findings, stood by itself, we would have no hesitancy in deciding that there was no periodic payment fixed thereby, 'in terms of an amount of money or a portion of the payment, as a sum which is payable for the support' of a minor child of petitioner, and therefore we would conclude that the full amount of the payment made to petitioner's wife in the taxable years (the sum of $6,000) would be deductible from petitioner's gross income pursuant to the provisions of section 23(u) of the Internal Revenue Code.

"However, section (3) of the separation agreement is only one of many paragraphs contained therein. Any adequate consideration of the problem here presented requires a construction of the agreement as a whole, and the reading of each paragraph in the light of all the other paragraphs thereof. When the separation agreement which is here before us for consideration is so read, it seems to us apparent that, of the $6,000 paid by petitioner to a former wife during the taxable years pursuant to that agreement, the sum of $2,400 represented an amount fixed by the terms of the agreement, in the terms of an amount of $200 per month, as a sum payable for the support of petitioner's minor child, and we have so found."

Upon appeal, the decision of the Tax Court was affirmed. In affirming, the court said: "We agree with the Tax Court that in considering the separation instrument as a whole it becomes clear that of the $6,000 paid to the wife for the taxable year, a minimum of $200 per month is earmarked

for the support of the petitioner's minor son." 6 Cir., 177 F.2d 198.

We conclude that the Tax Court properly interpreted the agreement. It follows that the decision must be affirmed. It is so ordered.