**Harold HOLT**

v.

**COMMISSIONER OF INTERNAL REVENUE.**

**COMMISSIONER OF INTERNAL REVENUE**

v.

**Margaret K. HOLT.**

**Nos. 42, 123, Dockets 23632, 23633.**

United States Court of Appeals
Second Circuit.

Argued Oct. 6, 1955.

Decided Oct. 25, 1955.

Cann, Lamb, Long & Kittelle, New York City, Bernard J. Long, Washington, D. C., for petitioner Harold Holt.

Ellis J. Staley, Jr., Albany, N. Y., for respondent Margaret K. Holt.

H. Brian Holland, Asst. Atty. Gen., Ellis N. Slack, A. F. Prescott and Davis

W. Morton, Jr., Attys., Washington, D. C., for Commissioner of Internal Revenue.

Before CLARK, Chief Judge, and MEDINA and LUMBARD, Circuit Judges.

MEDINA, Circuit Judge.

We seem to play at hide-and-go-seek with the Tax Court in these alimony cases. Here again, despite the fact that the husband and wife were divorced after the execution of a separation agreement, pursuant to the terms of which sums were paid to the wife for support and maintenance, the Tax Court has held that the agreement was not "incident to such divorce" within the meaning of Section 22(k) of the Internal Revenue Code of 1939, 26 U.S.C. 1952 ed., § 22, and that payments made to the wife as required by the terms of such agreement, in 1948 and 1949, were taxable to the husband and not to the wife.

It appears that the husband wanted the divorce but the wife did not; and she was adamant in her determination not to cooperate in any way, refusing to include in the agreement any reference to a possible divorce or a clause relative to the incorporation of the terms of the agreement in any decree of divorce. Moreover, she was advised by her counsel that the alimony payments would not be taxable to her. Contrary to her desire and expectation, and perhaps to her surprise, the husband promptly went to Florida and obtained a divorce, which the wife decided not to contest. We may assume that the wife would not have signed the agreement had she been aware of the course the husband was to pursue. Because of the lack of "mutuality of intent or plan," the Tax Court, notwithstanding a vigorous dissent by Judge Fisher, in which Judge Arundell and Judge Tietjen concurred, held the agreement was not "incident to such divorce." But our repeated decisions on this subject have been founded upon principles which make irrelevant such incidental matters as those now held by the Tax Court to be decisive.

Thus in Lerner v. Commissioner of Internal Revenue, 2 Cir., 1952, 195 F.2d 296, 298 we held, "[T]he term 'written instrument incident to such divorce' was designed, we think, only to insure adequate proof of the existence of the obligation when divorce has occurred * * *." In Newton v. Pedrick, 2 Cir., 1954, 212 F.2d 357, 361, thinking to set the matter at rest, at least in this Circuit, we intended to cut through the endless combinations of miscellaneous versions of the preliminaries to these matrimonial arrangements, and give the statute an interpretation which would express the legislative intent and at the same time eliminate confusion and uncertainty by holding that the words "'incident to such divorce'", "should be read as referring to the *status* rather than merely the *decree* of divorce or separation." (Emphasis that of the Court.) Thus where a legal obligation to support survives the dissolution of the marital relationship and such obligation is evidenced by the terms of a written agreement, as in the case now before us, the wife must pay the income taxes on the amounts received by her for support and maintenance. This principle was reaffirmed by this Court in Commissioner of Internal Revenue v. Moses, 2 Cir., 1954, 214 F.2d 912, citing Lerner, Newton and other cases. It is, accordingly, immaterial whether the husband and the wife or either of them intend that the agreement shall be "incident to the divorce." The respondent Margaret K. Holt must pay the taxes at issue in her case, and petitioner Harold Holt is entitled to the deductions claimed by him.

Reversed in both cases.