GRADY W. HENRY, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 14881–79.     Filed March 24, 1981.

Grady W. Henry, pro se.
*Betty Jane Clark*, for the respondent.

STERRETT, *Judge*: Respondent, in his statutory notice of deficiency dated July 18, 1979, determined deficiencies in petitioner's Federal income taxes for the calendar years 1976

and 1977 in the amounts of $1,605 and $1,430, respectively. After concessions, the sole issue for decision is whether amounts paid by petitioner Grady W. Henry to his former wife during the years in issue constitute alimony deductible by him under section 215, I.R.C. 1954.

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts together with the exhibits attached thereto are incorporated herein by this reference.

Petitioner Grady W. Henry resided in Jesup, Ga., at the time the petition herein was filed. He filed his Federal income tax returns for the calendar years 1976 and 1977 on a cash basis with the Internal Revenue Service Center in Chamblee, Ga.

On December 5, 1974, the marriage of petitioner and his spouse, Janet Hawkins Henry, was dissolved by a divorce decree issued by the Superior Court for Wayne County, Ga. The divorce decree provided in pertinent part as follows:

TOTAL DIVORCE
JUDGMENT AND DECREE–NO JURY

\*    \*    \*    \*    \*    \*    \*

The Court awards the custody of the minor child GRADY WILLIAM HENRY, JR. to the plaintiff [petitioner's spouse] with reasonable rights of visitation in the defendant [petitioner].

\*    \*    \*    \*    \*    \*    \*

4. (a) The defendant shall pay to the plaintiff as alimony $100.00 every two weeks beginning the 13th day of Dec., 1974 for the benefit of GRADY WILLIAM HENRY, JR., and these payments to continue for a period of six years from date, conditioned, however, as follows: if after two years from date GRADY WILLIAM HENRY, JR. should fail and refuse to go to college, or should go to college and quits for any reason, or should go to college and fail to pass his grades satisfactorily, or should become married, self-supporting, or dies, in either such event said $100.00 payable every two weeks shall cease, and defendant shall be no longer obligated to plaintiff for the benefit of said child.

(b) The defendant shall further pay to the plaintiff as alimony $100.00 every two weeks for the use and benefit of the parties' daughter CAROL HENRY; said payments to continue for a period of six years from date, conditioned, however, as follows: if CAROL HENRY, the parties' daughter, should fail to go to college, or goes to college and fails to make satisfactory grades, or quits college after she enters for any reason, marries, becomes self-supporting, or dies, in either such event said payments to plaintiff, the mother, for the benefit of said child to continue her education same shall cease and defendant shall be under no further obligation to plaintiff for the daughter.

The divorce decree also provided that the remarriage of petitioner's former spouse would not affect petitioner's obligation to make these payments for the benefit of his children.

The divorce decree refers to the two children of petitioner and his former spouse. Grady William Henry, Jr., and Carol Henry were born on August 18, 1958, and January 30, 1956, respectively. Both of these children attended college after they passed the age of 21.

Pursuant to paragraph 4 of the decree, petitioner paid $5,200 to his former wife in 1976 and the same amount in 1977. He deducted those amounts as alimony on his tax returns in both years. Respondent disallowed the alimony deductions.

## OPINION

We are called upon to decide whether payments made by petitioner to his former wife are deductible as alimony. Section 215(a)[1] allows a husband to deduct amounts includable under section 71 in the gross income of the wife. Section 71(a)(1)[2] includes in the wife's gross income periodic payments "imposed on or incurred by the husband" under a divorce decree, received in discharge of a legal obligation arising out of the marital relationship. However, section 71(b)[3] provides that section 71(a) shall not apply to that part of any payment which the terms of

---

[1]SEC. 215. ALIMONY, ETC., PAYMENTS.

(a) GENERAL RULE.—In the case of a husband described in section 71, there shall be allowed as a deduction amounts includible under section 71 in the gross income of his wife, payment of which is made within the husband's taxable year. No deduction shall be allowed under the preceding sentence with respect to any payment if, by reason of section 71(d) or 682, the amount thereof is not includible in the husband's gross income.

[2]SEC. 71. ALIMONY AND SEPARATE MAINTENANCE PAYMENTS.

(a) GENERAL RULE.—

(1) DECREE OF DIVORCE OR SEPARATE MAINTENANCE.—If a wife is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, the wife's gross income includes periodic payments (whether or not made at regular intervals) received after such decree in discharge of (or attributable to property transferred, in trust or otherwise, in discharge of) a legal obligation which, because of the marital or family relationship, is imposed on or incurred by the husband under the decree or under a written instrument incident to such divorce or separation.

[3]Sec. 71(b) provides as follows:

(b) PAYMENTS TO SUPPORT MINOR CHILDREN.—Subsection (a) shall not apply to that part of any payment which the terms of the decree, instrument, or agreement fix, in terms of an amount of money or a part of the payment, as a sum which is payable for the support of minor children of the husband. For purposes of the preceding sentence, if any payment is less than the amount specified in the decree, instrument, or agreement, then so much of such payment as does not exceed the sum payable for support shall be considered a payment for such support.

the divorce decree fix as "payable for the support of minor children of the husband."

Respondent contends that petitioner's payments are not deductible as alimony under section 215 because such payments were designated under the decree as solely for the benefit of petitioner's son and for the use and benefit of petitioner's daughter. Petitioner contends that such payments are deductible alimony and not child support. In support of his position, petitioner points out that the divorce decree specifically designates such payments as "alimony." Further, the subject payments could not be characterized as child support when paid to or for the benefit of children over 18 years of age, the age of majority in Georgia. Therefore, petitioner reasons, such payments are deductible as alimony under section 215(a) and not nondeductible child support pursuant to section 71(b).

This Court and others have considered the substance of this position and have stated that Federal law, not State law, is determinative of the character and deductibility of such payments. *Commissioner v. Tower*, 327 U.S. 280, 287–288 (1946); *Borbonus v. Commissioner*, 42 T.C. 983, 990 (1964). Further, in *Emmons v. Commissioner*, 36 T.C. 728, 738 (1961), affd. 311 F.2d 223 (6th Cir. 1962), we held that, for purposes of section 71(a), "the fact that a payment is labeled 'alimony' is not controlling."

Turning to Federal law, it is clear that a precondition for petitioner's alimony deduction under section 215 is that the alimony payments be includable in petitioner's former wife's gross income under section 71. In *Christiansen v. Commissioner*, 60 T.C. 456, 460 (1973), we stated that—

> The legislative history of section 71 shows that it was enacted in 1942 "to treat such payments as income to the spouse actually receiving, or actually entitled to receive, them and to relieve the other spouse from the tax burden upon whatever part of the amount of such payments is under the present law includable in his gross income," S. Rept. No. 1631, 77th Cong., 2d Sess. (1942), 1942-2 C.B. 568. Actual receipt is not a requirement of the statute. *Robert Lehman*, 17 T.C. 652 (1951). However it is quite clear from the case law that in order to qualify as alimony, the wife must receive an economic benefit from such payment. *Faber v. Commissioner*, 264 F.2d 127 (C.A. 3, 1959), remanding 29 T.C. 1095 (1958); *Mandel v. Commissioner*, 229 F.2d 382 (C.A. 7, 1956), affirming 23 T.C. 81 (1954); *Eugene F. Emmons*, 36 T.C. 728 (1961), affd. 311 F.2d 223 (C.A. 6, 1962); *Robert Lehman, supra*.

Further, we stated in *Wright v. Commissioner*, 62 T.C. 377, 396–397 (1974), affd. 543 F.2d 593 (7th Cir. 1976), that "it is necessary

that the payments by the husband confer on the wife a presently ascertainable economic benefit" for the husband to be entitled to an alimony deduction.

Under the divorce decree in the instant case, the husband-father (petitioner) incurred a legal obligation to support his children beyond the years he might otherwise have been required under applicable law. By the same words, his former wife received the funds specified to be "for the benefit of" the children in a fiduciary capacity. This was so, whether petitioner was paying the funds to satisfy his statutory obligation of support or his decree obligation. Such payments were made by the petitioner for the benefit of the children, not on behalf of or for the benefit of petitioner's former wife, who was acting essentially as a conduit. We have no statistics on precisely how the wife spent the money in fulfilling her obligation that the payments be used for the benefit of her children. Presumably, in order of priority, they went for the direct expenses of the children, such as clothes, school expenses, etc. Obviously the wife might have used some portion of the payments to pay the heat bill, etc., expenditures from which she would necessarily have received an incidental benefit. However, we do not believe that such incidental benefit, indeed if it occurred at all, is presently ascertainable or could have been of such magnitude as to justify labeling the payments alimony within the meaning of section 71.

Accordingly, we hold that petitioner is not entitled to an alimony deduction under section 215 because such payments are not alimony within the meaning of section 71. We need not consider petitioner's various arguments concerning child support under section 71(b) as such arguments would have no bearing on our decision herein.

*Decision will be entered for the respondent.*