FLOYD W. JEFFERSON AND MARJORIE B. JEFFERSON, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 15485. Promulgated December 30, 1949.

*Mark M. Horblit, Esq.*, for the petitioners.
*Ellyne E. Strickland, Esq.*, for the respondent.

OPINION.

Tyson, *Judge*: Petitioner seeks deductions under section 23 (u) of the Internal Revenue Code[1] for payments to his former wife for her support in the years 1942 and `1943. Deductions are permitted the husband under section 23 (u) if by the correlative provisions of section 22 (k)[2] the payments so made are includible in the wife's gross income.

At the outset, it may be stated that petitioner makes no contention that disposition of the issue herein is affected by the *nunc pro tunc* modification on May 15, 1947, of the original divorce decree, presumably because sustaining such contention, if made, would be precluded

---

[1] SEC. 23. DEDUCTIONS FROM GROSS INCOME.

In computing net income there shall be allowed as deductions :

\* \* \* \* \* \*

(u) ALIMONY, ETC., PAYMENT.—In the case of a husband described in section 22 (k), amounts includible under section 22 (k) in the gross income of his wife, payment of which is made within the husband's taxable year. If the amount of any such payment is, under section 22 (k) or section 171, stated to be not includible in such husband's gross income, no deduction shall be allowed with respect to such payment under this subsection.

[2] SEC. 22. GROSS INCOME.

\* \* \* \* \* \* \*

(k) ALIMONY, ETC., INCOME.—In the case of a wife who is divorced or legally separated from her husband and under a decree of divorce or of separate maintenance, periodic payments (whether or not made at regular intervals) received subsequent to such decree in discharge. of, or attributable to property transferred (in trust or otherwise) in discharge of, a legal obligation which, because of the marital or family relationship, is imposed upon or incurred by such husband under such decree or under a written instrument incident to such divorce or separation shall be includible in the gross income of such wife, and such amounts received as are attributable to property so transferred shall not be includible in the gross income of such husband. \* \* \*

by our holdings in *Robert L. Daine*, 9 T. C. 47; affd., 168 Fed. (2d) 449; and *Peter Van Vlaanderen*, 10 T. C. 706; affd., 175 Fed. (2d) 389.

Inasmuch as the original decree of July 23, 1941, the only decree we need consider, did not incorporate therein or make reference to any of the provisions of the letter of May 20, 1941; and inasmuch as, while a decree is always required, the decree need not incorporate or refer to alimony or maintenance provisions made by a prior or coincident agreement in order for such an agreement to come within the purview of section 22 (k), *Tuckie G. Hesse*, 7 T. C. 700; *Robert Wood Johnson*, 10 T. C. 647; and *George T. Brady*, 10 T. C. 1192; and inasmuch as petitioner relies upon the provisions of the letter of May 20, 1941, to sustain his claimed deductions, the issue is narrowed to the question of what was the effect of that letter, providing for periodic payments to petitioner's wife for her suitable maintenance and support, in applying section 22 (k), *supra*.

Petitioner contends: (a) That the letter constituted a "written instrument"; (b) that such letter was "incident to" the divorce; (c) that the letter, either of itself alone or as a modification and supplement to the original agreement of May 15, 1941, constituted "a legal obligation" of petitioner to make the periodic payments "imposed upon or incurred by" him in discharge of his marital obligation to support and maintain his divorced wife subsequent to the divorce decree—all within the purview of section 22 (k), *supra;* and that as a consequence he is entitled to the claimed deductions of the amounts paid his wife under section 23 (u), *supra*.

Respondent's position is: (a) That the letter of May 20 providing for the periodic payments was not a "written instrument incident to such divorce," within the meaning of section 22 (k), *supra;* (b) that the payments to the wife were gratuitous; and (c) that at any rate there was no legal obligation of the petitioner to make the payments.

We first consider petitioner's contention (a), that the letter of May 20 constituted a "written instrument" within the intendment of section 22 (k), *supra*.

The evidence justifies the inference that the letter of May 20 embodied the terms of a prior oral agreement or understanding between petitioner and his wife with reference to periodic payments to be made for the wife's support and maintenance, and that the letter confirmed that oral agreement or understanding. While it is not shown that there was a written acceptance of the terms of the letter by Violet, it is shown that these terms were otherwise accepted by her and prior to the entry of the divorce decree. Petitioner contends that when Violet thus accepted those terms a rule of law set out in certain cited authorities became applicable and that thereunder the terms of the letter with reference to the support and maintenance of

the wife became a written contract between them and, therefore, a "written instrument" within the intendment of section 22 (k). The most pertinent authorities cited by petitioner are: *National Bank of Commerce of Houston* v. *Moody*, 90 S. W. (2d) 279, wherein it is stated, at page 282: "The authorities are also unanimous in holding that a telegram or any agreement reduced to writing and signed by one of the parties and accepted by the other is a written contract between the parties"; and *Ferguson* v. *Parker*, 176 S. W. (2d) 768, wherein it is stated, at page 770: "The doctrine is well settled that an instrument purporting to set forth the mutual obligations of the parties * * * signed and performed by one of the parties and acquiesced in by the other, is to be regarded as a written contract. See 17 C. J. S., Contracts, p. 409, § 59 * * *." We agree with the contention of petitioner that the terms of the letter of May 20 with reference to the support and maintenance of Violet constituted a "written instrument" within the intendment of section 22 (k), *supra.*

As regards petitioner's contention (b) above, it is clear from all the facts and circumstances, without an enumeration of all of them, that the provisions of the letter of May 20 for the support and maintenance of his then wife were "incident to" the divorce. The letter itself so shows on its face, where it states: "* * * I now confirm, as I promised you on our trip that I would, that if the divorce is granted, I am bound to pay * * *" the periodic amounts of at least $6,000 per annum or a larger amount if it should for any reason be required.

As regards petitioner's contention (c), sometime within five days subsequent to the execution of the agreement of May 15, petitioner's wife complained that the agreement made no provision for her support and maintenance by petitioner. The basis for her complaint was well founded, for the reason that the agreement provided only that she was to retain approximately $40,000 of stocks which were already her sole and separate property; that she should remain, as she then was, the irrevocable beneficiary in paid-up term policies expiring between 1947 and 1952 on the life of petitioner in the total amount of $48,000; and that petitioner's estate would pay estate or gift taxes, if any, on the proceeds of the policies. By neither of these provisions purporting to convey a consideration to his wife did the petitioner make any actual contribution for the support and maintenance for her after the divorce. The wife already owned the stock and was the irrevocable beneficiary in the insurance policies, and the petitioner's estate was primarily obligated to pay such estate or gift taxes as might become due on the proceeds of the policies. In response to the complaint and while he was still obligated under his marital relation to provide for the support and maintenance of his soon to be divorced wife, petitioner

wrote the letter of May 20, in which he agreed to pay his wife after the divorce the minimum sum of $6,000 per annum. We think that under section 22 (k), *supra*, the letter of itself, or as a modification of the original agreement of May 15, 1941, constituted a "legal obligation" of petitioner to make periodic payments to his wife which were "imposed upon or incurred by" him in discharge of his marital obligation to pay for the support and maintenance of his then wife after the divorce, and that as a consequence he is entitled, under section 23 (u), to the claimed deductions. We conclude that the respondent erred in disallowing the deductions.

Reviewed by the Court.

*Decision will be entered under Rule 50.*