**Dr. George Henry MOORE**

v.

**UNITED STATES of America.**

**Civ. A. No. CA 4–77–17.**

United States District Court,
N. D. Texas,
Fort Worth Division.

Jan. 17, 1978.

Leo Patrick Ferris, Fort Worth, Tex., for plaintiff.

William W. Guild, Atty.-in-charge, Tax Division, Larry R. Jones, Jr., Dept. of Justice, Dallas, Tex., William L. Johnson, Jr., Asst. U. S. Atty., Fort Worth, Tex., for defendant.

MEMORANDUM AND ORDER

MAHON, District Judge.

This is an action by Plaintiff for a refund of income taxes paid by him for the years

1969 and 1970 in the amount of $11,040.12 plus attorney's fees and interest. Both parties have moved for summary judgment.

On August 22, 1968, Dr. George H. Moore obtained a divorce from Donna Pearl Moore, his wife of 12 years, in the Domestic Relations Court of Tarrant County, Texas. Mrs. Moore got custody of the couple's three daughters while Plaintiff was granted custody of the two sons. The divorce decree ordered him to pay her $250 per month as a periodic payment until the youngest child in Mrs. Moore's custody reached the age of 18 or until Mrs. Moore remarried.[1]

During the remainder of 1968 Plaintiff paid Donna Moore $1,750.00 pursuant to the quoted provision. During 1969 Plaintiff paid $15,000 as periodic payments. Periodic payments in the amount of $11,000 were made in 1970. Finally in 1971 Plaintiff paid $7,500 to Donna Moore as full and final settlement of all past or future periodic payments due under the divorce decree. A release to this effect was signed on August 25, 1971. The total amount paid, $35,250, is the amount that would have been paid out had monthly payments of $250.00 per month been made until the youngest daughter became 18. Mrs. Moore then remarried on August 25, 1971, the same day she signed Dr. Moore's release.

Dr. Moore is seeking reversal of the Internal Revenue Service's disallowance of $12,000 in 1969 and $8,000 in 1970 as deductions of periodic payments. His claim is that the entire amount of the periodic payments made in 1969 and 1970 should have been deductible from his gross income. The Service, on the other hand, argues that only $3,000 per year ($250 per month times 12 months) is properly allowable as a deduction from Plaintiff's gross income.

Resolution of this dispute requires careful scrutiny of I.R.C. §§ 215(a),[2] 71(a)[3] as well as Plaintiff's divorce decree. Dr. Moore contends that he and his ex-wife intended the sums advanced to be periodic payments made in accordance with the divorce decree. He stresses that portion of the decree which requires the payments to be made on or before the first day of each month. The I.R.S. characterizes the sums paid as voluntary pre-payments which, since not due when paid, were not made in discharge of a legal obligation and are, therefore, not deductible under §§ 71 and 215.

Before beginning this discussion it is important to ask whether Plaintiff's intentions concerning his payments affect their deductibility. An analogous line of cases involving alimony as distinguished from child support payments holds that intent is irrelevant. *C. I. R. v. Lester,* 366 U.S. 299, 81 S.Ct. 1343, 6 L.Ed.2d 306 (1961); *Van Oss v. C. I. R.,* 377 F.2d 812 (2nd Cir. 1967). It is this Court's opinion

---

1. "It is further, ORDERED, ADJUDGED and DECREED by the Court that a periodic payment in the sum of Two Hundred Fifty ($250.00) Dollars per month shall be paid by Plaintiff [Dr. Moore] to Defendant [Mrs. Moore], due on or before the first day of each month until the youngest of the children of the parties in the custody of the Defendant reaches the age of 18 years or until the Defendant DONNA PEARL MOORE remarries, in which event said payment shall terminate, payable to the order of the Defendant, DONNA PEARL MOORE, at Fort Worth, Texas in monthly installments of Two Hundred Fifty ($250.00) Dollars per month, the first installment being due on or before the first day of September, 1968, and a like installment being due on or before the first day of each successive month thereafter until the entire sum is paid."

2. I.R.C. § 215(a):

(a) *General Rule*—In the case of a husband described in section 71, there shall be allowed as a deduction amounts includible under section 71 in the gross income of his wife, payment of which is made within the husband's taxable year.

3. I.R.C. § 71(a):

(1) *Decree of Divorce or Separation Maintenance*—If a wife is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, the wife's gross income includes periodic payments (whether or not made at regular intervals) received after such decree in discharge of (or attributable to property transferred, in trust or otherwise, in discharge of) a legal obligation which, because of the marital or family relationship, is imposed on or incurred by the husband under the decree or under a written instrument incident to such divorce or separation.

that the present case, like those just cited, is simply a question of statutory interpretation. No determination concerning Dr. Moore's intent is needed to rule in this suit. Since all other facts are stipulated, both sides have agreed that if the Court decides intent is unimportant, no formal trial is necessary. Having carefully considered each side's Motion for Summary Judgment and the supporting briefs, this Court is of the opinion that the sums in question are not deductible.

The key distinction in this case is the difference between a payment of a legal obligation and a voluntary, nondeductible gift. It is the opinion of this Court that most of the sums paid by Dr. Moore were not "made in discharge of a legal obligation" at the time they were made. His legal obligation under the divorce decree was contingent on two factors: that payments cease when the youngest daughter reached 18 or when Mrs. Moore remarried. The total sum paid Mrs. Moore is exactly the same amount that she would have received had Dr. Moore paid $250 per month until the youngest daughter turned 18. As it turned out, however, the other contingency was met by Mrs. Moore's remarrying. In retrospect, therefore, Dr. Moore's total obligation under the divorce decree was substantially less than the amount actually paid out. Nevertheless, Plaintiff's claim is that since neither contingency had occurred before he made the payments, his total legal obligation was at that time still intact, and, therefore, the payments should be deductible.

In a nutshell then, Dr. Moore says the divorce decree created a total legal obligation on his part of $35,250. This, he claims, was his legal obligation until Mrs. Moore remarried. Since the $35,250 was paid before she remarried, he concludes, the payments were owed at the time paid and hence were deductible.

The I.R.S. argues, on the other hand, that since the divorce decree ordered Dr. Moore to pay $250 per month, payments in excess of $250 per month (or $3,000 per tax year) were not owed at that time and were, therefore, not deductible.

*Van Vlaanderen v. C. I. R.*, 175 F.2d 389 (3rd Cir. 1949) and *Blanchard v. United States*, 424 F.Supp. 916 (D.C.Md.1976) make it clear that payments in excess of the amount owed at the time of the payments are not deductible. Plaintiff is incorrect in claiming that the divorce decree's requirement that payments were to be made "on or before the first day" of each month allowed him to prepay and deduct the total amount. The decree very clearly stated that the payments were due in monthly installments. The language "on or before the first day" of each month would undoubtedly allow deductibility of payments made a few days before they became overdue. It cannot be said, however, to sanction prepayment of the entire 141 month obligation—particularly in view of the fact that the total was drastically reduced by Mrs. Moore's remarrying. Since the payments in excess of $3,000 per year were made subject to a contingent, and not a current legal obligation, they are not deductible under I.R.C. §§ 71, 215.

It is, therefore, ORDERED that Defendant's Motion for Summary Judgment be, and hereby is, granted, that Plaintiff's Motion for Summary Judgment be, and hereby is, denied, that Plaintiff take nothing and that this case be dismissed on the merits.

Judgment will be entered accordingly.