ARTHUR A. GREENFIELD, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Greenfield v. Commissioner
Docket No. 2104-77.
United States Tax Court
T.C. Memo 1978-386; 1978 Tax Ct. Memo LEXIS 132; 37 T.C.M. (CCH) 1576; T.C.M. (RIA) 78386; September 26, 1978, Filed Arthur A. Greenfield, pro se. Thomas M. Ingoldsby, for the respondent. FAY
MEMORANDUM OPINION FAY, Judge: Respondent determined a deficiency of $ 2,676 in petitioner's Federal income tax for 1973. Concessions having been made, the sole issue for decision is whether certain payments made by petitioner in 1973 to his former spouse are deductible as alimony pursuant to section 215. [1]
*133 All of the facts have been stipulated and are so found. At the time of filing his petition herein, petitioner, Arthur A. Greenfield, resided in Albuquerque, N. Mex. Throughout 1973 petitioner was separated from his former wife, Beatrice Greenfield (Beatrice). [2] To provide for her support, petitioner paid Beatrice, directly or indirectly, the following amounts during 1973: January
$ 1,057
February
830
March
770
April
770
May
770
June
300
July
300
August
300
September
300
October
300
November
300
December
300
Total
$ 6,297
During all of 1973, Beatrice accepted the payments set forth above without any objection or reservation. On May 18, 1973, petitioner wrote a letter to Beatrice which read in pertinent part as follows: Up to now, I've been paying $ 800 a month--or slightly less--towards your support * * *. * * *
Starting with my next paycheck, my monthly payment will have to be reduced to $ 600. Although petitioner received no response to the May 18 letter, Beatrice, in an affidavit filed in support of her motion for temporary alimony with t *134 he Supreme Court of the State of New York in January 1974, acknowledged that she received as support the payments made by petitioner in 1973. In computing his taxable income for 1973, petitioner deducted $ 1,800 as alimony paid to Beatrice. [3] Respondent, in his statutory notice, disallowed the entire deduction. In general section 215 [4] allows a deduction to a husband for amounts includible in the gross income of his wife under section 71. [5] Insofar as it applies to the facts of the instant case, section 71 provides that if a husband and wife are separated and there is an executed "written separation agreement", the wife's gross income includes periodic payments received from her husband after such agreement is executed. Section 71(a)(2). The only issue we must decide, as framed by the parties, is whether petitioner and his wife executed a "written separation agreement." *135 Petitioner contends that the May 18 letter, together with his wife's receipt and acceptance of the payments made thereafter without objection, constitutes a "written separation agreement." Moreover, petitioner maintains, this conclusion is further supported by his wife's affidavit of January 1974 confirming her receipt and acceptance of such payments. To the contrary, respondent argues that neither the letter sent by petitioner to his wife, nor the receipt of payments by the wife without objection, nor the wife's subsequent affidavit acknowledging receipt of such payments, nor all of these facts considered together, constitute a "written separation agreement" within the meaning of section 71(a)(2). Hence, respondent maintains, petitioner is not entitled to a deduction under section 215. While we are sympathetic toward petitioner's position and have no doubt that the payments made were intended to be alimony, nevertheless we agree with respondent that under these facts the May 18 letter is not a "written separation agreement" within the ambit of section 71(a)(2). The term "written separation agreement" is not defined in the Code, the applicable regulations, or in the legislative *136 history of section 71(a)(2). Bogard v. Commissioner,59 T.C. 97, 100 (1972). Because the term is not defined, petitioner, to support his contention, relies upon the law of contracts. Essentially, petitioner maintains that where an offeree receives and accepts things offered pursuant to a written offer, then such receipt in the absence of any contrary circumstances is an acceptance of such offer. See 1 Restatements, Contracts, sec. 72(2) (1932). Applying this principle to the instant case, petitioner argues that his wife's acceptance of the payments pursuant to the May 18 letter without objection constituted an acceptance of the offer contained in the letter and gave rise to a written separation agreement. We agree with the essence of petitioner's argument that the determination of whether there exists a "written separation agreement" can be made only from an examination of all the surrounding facts and circumstances. However, we do not agree with the conclusion that petitioner attempts to draw from the instant facts. Rather we believe that the term "written separation agreement" contemplates more than a written statement by one spouse that an amount constitutes *137 alimony coupled with the mere acceptance by the other spouse of such amount. [6] See Estate of Hill v. Commissioner,59 T.C. 846, 856-857 (1973); compare Jefferson v. Commissioner,13 T.C. 1092 (1949); Campbell v. Commissioner,15 T.C. 355 (1950). Next, petitioner argues that the affidavit filed by his wife in a New York court acknowledging receipt of the payments as support acts to supply whatever additional evidence is needed to show that the May 18 letter constitutes a "written separation agreement." We cannot agree. To begin with, as we held above, the fact that petitioner's wife accepted *138 the payments that he made does not make the May 18 letter a "written separation agreement." Her written acknowledgment that she received such payments is not sufficient to alter this conclusion. [7] Moreover, in the affidavit filed with the New York court, petitioner's wife requested the court to order petitioner to pay an amount for support substantially in excess of that provided for in the May 18 letter. Consequently, not only does this affidavit fall short of making the May 18 letter a "written separation agreement," if anything, the affidavit is strong proof that the parties were not in agreement. [8] Accordingly, we conclude that petitioner may not deduct as alimony any of the payments made by him to his wife in 1973. Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended.↩
2. Petitioner and his former wife were divorced sometime after 1973.↩
3. Petitioner now claims that he is entitled to deduct as alimony the total amount of $ 6,297 paid by him to Beatrice in 1973.↩
4. SEC. 215. ALIMONY, ETC., PAYMENTS. (a) General Rule.--In the case of a husband described in section 71, there shall be allowed as a deduction amounts includible under section 71 in the gross income of his wife, payment of which is made within the husband's taxable year. No deduction shall be allowed under the preceding sentence with respect to any payment if, by reason of section 71 (d) or 682, the amount thereof is not includible in the husband's gross income. ↩
5. SEC. 71. ALIMONY AND SEPARATE MAINTENANCE PAYMENTS. (a) General Rule.-- (1) Decree of divorce or separate maintenance.--If a wife is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, the wife's gross income includes periodic payments (whether or not made at regular intervals) received after such decree in discharge of (or attributable to property transferred, in trust or otherwise, in discharge of) a legal obligation which, because of the marital or family relationship, is imposed on or incurred by the husband under the decree or under a written instrument incident to such divorce or separation. (2) Written separation agreement.--If a wife is separated from her husband and there is a written separation agreement executed after the date of the enactment of this title, the wife's gross income includes periodic payments (whether or not made at regular intervals) received after such agreement is executed which are made under such agreement and because of the marital or family relationship (or which are attributable to property transferred, in trust or otherwise, under such agreement and because of such relationship). This paragraph shall not apply if the husband and wife make a single return jointly. (3) Decree for support.--If a wife is separated from her husband, the wife's gross income includes periodic payments (whether or not made at regular intervals) received by her after the date of the enactment of this title from her husband under a decree entered after March 1, 1954, requiring the husband to make the payments for her support or maintenance. This paragraph shall not apply if the husband and wife make a single return jointly.↩
6. In Bogard v. Commissioner,59 T.C. 97, 101 (1972), with respect to the term "written separation agreement" we stated: Logically, it appears Congress was interested in a clear statement in written form of the terms of support where the parties are separated. In this manner it is administratively convenient for the Commissioner to apprise himself of the amount of gross income to the wife and the corresponding deduction allowable to the husband. See also Auerbach v. Commissioner,T.C. Memo. 1975-219↩.
7. See and compare Gordon v. Commissioner,70 T.C. 525↩ (1978). 8. Specifically, petitioner's wife in her affidavit referred to the rate at which petitioner began paying support ($ 12,684 per year) as "outlandishly low."↩