RALPH F. and ELLEN M. OSTERBAUER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Osterbauer v. Commissioner
Docket No. 645-80.
United States Tax Court
T.C. Memo 1982-266; 1982 Tax Ct. Memo LEXIS 476; 43 T.C.M. (CCH) 1364; T.C.M. (RIA) 82266; May 17, 1982. Joel R. Bryan, for the petitioners. Alan J. Pinner, for the respondent. NIMS
MEMORANDUM FINDINGS OF FACT AND OPINION NIMS, Judge: Respondent determined deficiencies in petitioners' federal income taxes as follows: Year
Deficiency
1976
$ 3,390
1977
4,970
The only issue for decision is whether petitioners are entitled to a section 215 [1] alimony deduction in excess of the amount allowed by the respondent for amounts paid for the support of the former wife of petitioner Ralph F. Osterbauer. *477 FINDINGS OF FACT Some of the facts are stipulated. The stipulation and its attached exhibits are incorporated herein by reference. Petitioners resided in Downey, California, when they filed the petition in this case. Petitioner Ralph F. Osterbauer will be referred to as "petitioner" in this opinion. Petitioner and his former wife, Dorothy Osterbauer ("Dorothy"), were married on August 28, 1949. They lived together until October 1967. In October 1967 Dorothy separated from petitioner and began residing in Riverside, California. In November 1967 Dorothy asked petitioner to pay her an amount between $ 450 and $ 500 per month for support. The petitioner, at that time, initiated support payments of $ 500 per month. On June 14, 1968, petitioner and Dorothy entered into a written settlement agreement. In its relevant part, this agreement provided: 3. SUPPORT OF WIFE
Husband agrees to pay to Wife for her support, care and maintenance, the sum of Five Hundred Dollars ($ 500) per month for and during the entire period of her lifetime. It is specifically understood and agreed that such payments shall expressly discontinue as and upon the death of Wife. Such payments *478 of Five Hundred Dollars ($ 500) per month shall be paid in installments of Two Hundred Fifth Dollars ($ 250) on the first (1st) day of each month and Two Hundred Fifty Dollars ($ 250) on the fifteenth (15th) day of each month, beginning with the 1st day of July, 1968. It is also specifically understood and agreed that such payments shall continue as a charge and obligation upon Husband's estate in event of his death prior to that of Wife. The petitioner made $ 500 per month support payments pursuant to the written settlement agreement following its execution. In November 1968 Dorothy suffered severe head injuries in an automobile accident. She was confined to intensive hospital care from November 1968 until February 1969. Upon Dorothy's discharge from the hospital in February 1969 she was admitted to Clark's Guest Home, a convalescent facility. She was subsequently transferred to another convalescent home, Beverly Manor East. On October 22, 1970, Millard M. Camp, Jr. was appointed as Dorothy's conservator by order of the Los Angeles County Superior Court. Dorothy remained in the convalescent home until she died on December 24, 1978. Petitioner supported his former *479 wife during her confinement. Prior to 1972 petitioner made the $ 500 per month payments required by the settlement agreement. In 1972 Dorothy's support costs began exceeding this $ 500 per month amount. In 1972 petitioner paid $ 9,170 of medical and other expenses related to Dorothy's support. This amount averaged $ 764.16 per month. Petitioner made these increased payments at the request of Dorothy's conservator. On February 5, 1973, petitioner obtained a divorce from Dorothy in the Los Angeles County Superior Court. The divorce decree approved and adopted the June 14, 1968 settlement agreement. In March, 1973, Dorothy's conservator met with petitioner and requested an alteration of the June 14, 1968, settlement agreement. After discussion concerning petitioner's financial capabilities and Dorothy's projected medical and other support costs, the petitioner and the conservator orally agreed that petitioner would pay all reasonably incurred medical costs and other expenses for Dorothy's support. Pursuant to this oral agreement the conservator informed the persons supplying medical attention to Dorothy that they thereafter should bill petitioner directly for all of Dorothy's *480 medical and other support costs. The following letter to Beverly Manor East, the convalescent home where Dorothy was confined, is representative of the conservator's communications: Beverly Manor East, 16307 Whittier Blvd., Whittier, Ca. 90603, 691-2291 March 22, 1973 Dear Sirs: Re. DOROTHY OSTERBAUER
Until further advised, bills for all current and future expenses should be directed to Mr. Ralph Osterbauer for payment. /s/ Millard Camp Jr. Conservator, 13932 McGee Dr., Whittier, Ga. 90605, 698-2909 Ralph Osterbauer (residence), 7705 4th Place, Downey, Ca. 90241, 862-2672 Osterbauer Compressor Service (office), 5041 S. Santa Fe St., Los Angeles, Ca. 90058, 583-4771 Helen Schweikert, 13709 Glen Court, Whittier, Ca. 90601, 693-9083 Petitioner received two copies of the conservator's March 22, 1973, letter. He filed one copy at his office and one copy at his home. All bills for Dorothy's medical and other support payments were sent directly to petitioner after March 25, 1973.Petitioner made the following payments for Dorothy's support: Year
Amount
1973
$ 8,305
1974
10,130
1975
10,465
1976
12,394
1977
15,940
Petitioners claimed *481 section 215 alimony deductions for the full amount of these support payments. Respondent disallowed that part of the 1976 and 1977 section 215 deductions which exceeded the $ 6,000 per year amount established by the June 14, 1968, written separation agreement. OPINION Petitioners are entitled to a section 215 alimony deduction for support payments made to Dorothy to the extent that such payments are includible in Dorothy's gross income under section 71. Sec. 215(a). The parties concede that only section 71(a)(1) is relevant in this case. Section 71(a)(1) provides: SEC. 71. ALIMONY AND SEPARATE MAINTENANCE PAYMENTS. (a) GENERAL RULE.-- (1) DECREE OF DIVORCE OR SEPARATE MAINTENANCE.-- If a wife is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, the wife's gross income includes periodic payments (whether or not made at regular intervals) received after such decree in discharge of (or attributable to property transferred, in trust or otherwise, in discharge of) a legal obligation which, because of the marital or family delationship, is imposed on or incurred by the husband under the decree or under a written instrument *482 incident to such divorce or separation. The parties concede that the payments in issue constitute periodic payments, that they were made in discharge of petitioner's legal obligation which originated in the marital or family relationship, and that they were made pursuant to an oral agreement incident to the divorce. The issue for our decision, therefore, is whether a sufficient writing existed to satisfy the written instrument requirement. Respondent allowed a section 215 deduction of $ 6,000 a year as amounts paid under the February 5, 1973, divorce decree which incorporated the $ 500 per month support obligation contained in the June 14, 1968, settlement agreement. Respondent disallowed deductions in excess of $ 6,000 per year because, in his view, there was no satisfactory written instrument for the additional amounts. Support agreements may be amended after the divorce decree to take account of changed support requirements. An amended agreement provides adequate basis for a section 215 deduction if the new arrangement satisfies the section 71 requirements. Heath v. Commissioner,30 T.C. 339 (1958), affd. 265 F.2d 662 (2d Cir. 1959); Hollander v. Commissioner,248 F.2d 523 (9th Cir. 1957), *483 revg. 26 T.C. 827 (1956). See also Rev. Rul. 60-140, 1960-1 C.B. 31; Rev. Rul. 60-141, 1960-1 C.B. 33. Respondent contends that the March, 1973, oral agreement that petitioner would pay all of Dorothy's support costs was not reduced to writing and thus is ineffective for section 71 purposes. [2] Petitioners assert that the March 22, 1973, letter from Dorothy's conservator notifying her creditors of the oral agreement satisfies the section 71(a)(1) written instrument requirement. We agree with petitioners. Section 71(a)(1) requires a writing which memorializes the agreement between the former spouses concerning support obligations. The written instrument requirement, however, "does not dictate the medium which may be used nor the form of writing which the instrument must take." Prince v. Commissioner,66 T.C. 1058, 1067 (1976). The written instrument need not itself be an enforceable obligation. Clark v. Commissioner,58 T.C. 519, 523-524 (1972); Campbell v. Commissioner,15 T.C. 355 (1950). *484 However, writings which provide mere evidence that an agreement might exist are insufficient. Gordon v. Commissioner,70 T.C. 525 (1978) (husband's income tax returns insufficient); Blanchard v. United States,424 F.Supp. 916 (D. Md. 1976) (husband's checks to wife insufficient). Instead, a written instrument must provide adequate proof of the existence of an obligation and the terms thereof. Prince v. Commissioner,supra at 1067; Fixler v. Commissioner,25 T.C. 1313, 1316 (1956). A letter satisfies the written instrument requirement if it embodies the terms of a prior oral agreement or understanding. Clark v. Commissioner,supra;Campbell v. Commissioner,supra;Jefferson v. Commissioner,13 T.C. 1092 (1949). The March 22, 1973, letter satisfies these requirements. Although brief the letter reflects the terms of the March, 1973, oral agreement between petitioner and Dorothy's conservator: petitioner would pay Dorothy's support costs. The letter represents a clear intent by the parties to memorialize their oral agreement because it notifies the *485 wife's primary creditor that petitioner would pay the bills incurred by Dorothy. This letter reasonably would and probably was designed to induce the creditor's reliance on petitioner's credit risk rather than on the incompetent Dorothy's credit risk when it provided services. This context indicates that the March 22, 1973, letter was intended to and did report the existence of the essential terms of the March, 1973, oral agreement. In these circumstances we hold that the purpose for and requirements of the section 71(a)(1) written instrument requirement are satisfied. Compare Prince v. Commissioner,supra.
Respondent argues that the lack of petitioner's signature on the letter renders it insufficient as a section 71(a)(1) written instrument. [3] Signatures by husband and wife are unnecessary if the facts and circumstances indicate that the parties accept the writing as a memorialization of their agreement. Jefferson v. Commissioner,supra (wife's signature not on letter, her acceptance inferred on review of facts); Campbell v. Commissioner,supra (same); Clark v. Commissioner,supra (husband's *486 signature not on letter, his acceptance inferred on review of facts); Prince v. Commissioner,supra (neither party's signature on trial transcript, mutual acceptance inferred on review of facts). In this case the stipulated facts indicate that the letter was issued by Dorothy's conservator pursuant to the oral agreement. Petitioner, therefore, participated, if only indirectly, in the issuance of the letter. Also, petitioner received two copies of the March 22, 1973, letter. Realizing the importance of the letter petitioner filed the copies for future reference. Given the nature of the creditor's reasonable reliance on petitioner, we find that petitioner's receipt of the letter without rejecting it and his subsequent payment of Dorothy's bills pursuant to its terms indicate petitioner's acceptance of the terms reflected in the writing. These facts indicate that petitioner and Dorothy's conservator accepted the letter as a memorialization of their prior oral agreement and thus *487 petitioner's signature is unnecessary on the letter to satisfy the section 71(a)(1) written instrument requirement. Respondent also contends that the lack of a clear statement identifying the source of petitioner's obligation to pay Dorothy's support (in the prior family relationship) and the failure to refer explicitly to the prior oral agreement in the March 22, 1973, letter render it insufficient as a section 71(a)(1) written instrument. This argument is without merit. The written instrument need not satisfy particular formal requirements. Instead, it must show that an obligation exists and reflect the essential terms thereof. Prince v. Commissioner,supra;Fixler v. Commissioner,supra.[4] It is conceded that the March, 1973, oral agreement was incident to the prior divorce. We do not think that the March 22, 1973, letter which was designed to induce a third party creditor's reliance on the oral agreement should fail as a written instrument for lack of additional formalities. *488 The facts in this case also distinguish it from Blanchard v. United States,supra and Gordon v. Commissioner,supra. In Blanchard and Gordon the only writings were the taxpayer's personal checks and tax returns, respectively. There was no proof in those cases that anyone other than the taxpayer agreed with taxpayer's view of the nature of the payments: the writing did not indicate that an agreement existed or express its terms. By contrast, in this case we have a writing issued by the wife's conservator to the wife's creditors and accepted by the husband.On these facts we are convinced that the writing fulfills the objectives and requirements of the section 71(a)(1) written instrument requirement because it adequately memorializes the prior oral agreement. Decision will be entered for the petitioners.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954 in effect for the years in issue.↩
2. See Keebler v. Commissioner,T.C. Memo. 1969-198; Smith v. Commissioner,T.C. Memo. 1967-90↩.
3. Due to our conclusions on this issue we do not have to decide whether petitioner in fact signed and delivered a copy of the March 22, 1973, letter to Dorothy's conservator.↩
4. "The term 'written instrument incident to such divorce' was designed, we think, only to insure adequate proof of the existence of the obligation when divorce has occurred, and not to deny relief to the husband when merely legal formalities have not been rendered their full due." Fixler v. Commissioner,25 T.C. 1313, 1316 (1956), adopting the statement of the Court of Appeals for the Second Circuit in Lerner v. Commissioner,195 F.2d 296, 298↩ (2nd Cir. 1952).