WILLIAM LEIGH ELLIS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Ellis v. Commissioner
Docket No. 24892-88
United States Tax Court
T.C. Memo 1990-456; 1990 Tax Ct. Memo LEXIS 501; 60 T.C.M. (CCH) 593; T.C.M. (RIA) 90456; August 23, 1990, Filed *501 Decision will be entered for the respondent. *502 William Leigh Ellis, pro se. Janel Hill, for the respondent. BUCKELY MEMORANDUM FINDINGS OF FACT AND OPINION This case was heard pursuant to the provisions of section 7443A(b) of the Internal Revenue Code and Rules 180, 181, and 182. *503 [1] Respondent determined a deficiency in petitioner's 1985 Federal income tax in the amount of $ 4,421.53. The sole issue for decision is whether petitioner is entitled to deduct alimony payments in excess of those allowed by respondent. Some of the facts are stipulated and are so found. The stipulation of facts and attached exhibits are incorporated herein by reference. Petitioner resided at Arlington, Virginia, when he filed his petition herein. Petitioner is an attorney retired from government employment. He currently maintains a part-time legal practice. Petitioner and his former wife, Norma Ellis, were married on November 16, 1935. They had two children from this marriage. By order of the Circuit Court for Montgomery County, Maryland, petitioner and his former wife divorced on *504 September 18, 1957. The divorce decree incorporated an agreement dated May 14, 1957, (hereafter "agreement") entered into by petitioner and his former wife which adjusted and settled property rights and custody rights and specified petitioner's support obligation to his former wife and children, now emancipated. Pertinent to this case, the agreement provided: 12. That the Husband shall pay to the Wife as support and maintenance for herself the sum of Three Hundred Dollars ($ 300.00) per month, * * *. The sum of $ 300.00 per month for maintenance and support of the Wife shall continue until her death or remarriage. * * * * * * 13. * * * The happening of an event which results in a material or substantial change in the Husband's circumstances shall entitle him to apply to the Circuit Court for Montgomery County (or any court of competent jurisdiction) for a review and renegotiation of the sums which he shall be required to pay hereunder, based upon a showing of such change in circumstances. In the event of a material or substantial increase in the Husband's income, the said Wife shall have a similar right to apply to such court for review and renegotiation. 14. This *505 constitutes the entire agreement between the parties and that any modifications or revisions shall be in writing and signed by both of said parties.
The $ 300 per month payment to Mrs. Ellis was calculated to be roughly one-third of petitioner's net take-home pay at the time of entering into the agreement. Petitioner believed he was required to make the one-third payment whether or not the agreement was amended. Neither petitioner nor Mrs. Ellis remarried. Over the years, petitioner has faithfully increased his alimony payments to Mrs. Ellis of his own volition. Petitioner calculated the increases as one-third of his net take-home pay. Petitioner and Mrs. Ellis never applied to Montgomery County Circuit Court or any other court of similar jurisdiction to modify their agreement in writing as to alimony. Only one written modification exists. The modification, signed and dated February 13, 1989, and February 14, 1989, by petitioner and Mrs. Ellis, respectively, states in pertinent part: 16. It is hereby stipulated and expressly provided that the amendments to 26 USC 71 and 215 made by Section 422 of the Tax Reform Act of 1984, 98 Stat. 795, shall *506 apply to this modification.
On petitioner's 1985 Federal income tax return, petitioner claimed a deduction for alimony paid of $ 14,400. It was agreed that he paid this amount. Respondent disallowed $ 10,800 of this claimed amount, allowing only $ 3,600. Petitioner contends that he is entitled to deduct the full amount of alimony paid, $ 14,400. Petitioner argues that pursuant to an oral agreement, he adjusted his alimony payments upward equal to one-third of his net take-home pay without going back to court and without written modifications. Respondent, on the other hand, contends that petitioner is not entitled to deduct more than the amount of alimony payments provided for in the divorce decree or $ 3,600. As a preliminary matter, we first deal with respondent's hearsay objection which we reserved. At trial petitioner testified that at a conference with the judge during the divorce hearing, his attorney orally agreed that petitioner would pay one-third of his net take-home pay. Respondent objected that petitioner's statement was hearsay. Petitioner claims that the statement is not hearsay because he heard the statement and because he is testifying as to the content *507 of an oral agreement modifying the written agreement. Further, petitioner stated that he has stood by this oral modification for over 30 years. The declarant, petitioner's attorney during his divorce proceedings, made the statement before the bench to the judge and the parties. No transcript or other documents memorialize the declarant's statement. The declarant of this statement is now dead and thus unavailable. Fed. R. Evid. 804(a)(4). No other person is able to corroborate petitioner's testimony. Mrs. Ellis, who is 81 years of age, does not remember this alleged statement by the declarant. Petitioner's statement is hearsay. Fed. R. Evid. 801. However, we find that it is admissible under 804(b)(5), Fed. R. Evid. Petitioner offered his statement at trial to prove the existence of an oral modification to the agreement. The declarant is unavailable, Mrs. Ellis does not recall this statement, and this statement is more probative than any other evidence which petitioner could procure through reasonable efforts. Last, in the interest of justice and, in light of petitioner's *508 payment of one-third of his net take-home pay per year, admittance of this statement shows petitioner's good faith compliance with the oral modification to the agreement. Consequently, petitioner's statement is admitted. We note, however, that the result of this case would not change whether or not we admitted petitioner's statement concerning the oral modification. The law is well settled that the written instrument, not an oral modification, controls the amount of alimony which the recipient must recognize as income and which the payor is entitled to deduct. Jachym v. Commissioner, T.C. Memo. 1984-181, citing Herring v. Commissioner, 66 T.C. 308, 311 (1976) and Clark v. Commissioner, 40 T.C. 57, 58 (1963); Brooks v. Commissioner, T.C. Memo. 1983-304, citing Prince v. Commissioner, 66 T.C. 1058 (1976) and Jefferson v. Commissioner, 13 T.C. 1092 (1949). Next we deal with respondent's disallowance of alimony payments in excess of $ 3,600. As noted, petitioner claims entitlement to deduct the full amount of alimony paid, $ 14,400. Respondent, on the other hand, claims that petitioner *509 is not entitled to deduct alimony payments in excess of the amount of alimony set forth in the agreement or $ 300 per month. Respondent points to the agreement and argues that petitioner is not entitled to deduct alimony in excess of the amount expressly stated in the agreement. In pertinent part, section 215(a) provides that an individual is allowed a deduction equal to the alimony payments paid during that individual's taxable year. Section 215(b) defines alimony payments as any alimony payment (as defined in section 71(b)) which is includable in the gross income of the recipient under section 71. [2]
Section 71(b) defines alimony *510 payments as any payment in cash which satisfies the four requirements listed under section 71(b)(1). The first requirement states that the payment must be received by or on behalf of a spouse under a divorce instrument. Sec. 71(b)(1)(A). Section 71(b)(2)(A) defines a divorce instrument as a decree of divorce or a written instrument incident to such a decree. It is well settled that in order to deduct alimony payments, the payments must be pursuant to a written instrument. Herring v. Commissioner, supra; Prince v. Commissioner, supra; Clark v. Commissioner, supra; Jefferson v. Commissioner, supra; Jachym v. Commissioner, supra; Brooks v. Commissioner, supra. Any amounts paid in excess of that required by the written instrument are not considered deductible alimony payments. Van Vlaanderen v. Commissioner, 175 F.2d 389 (3d Cir. 1949). Here, the agreement clearly states that petitioner must pay Mrs. Ellis $ 3,600 per year. The agreement also contains a merger clause which states that the agreement constitutes the entire agreement between *511 the parties and that any modifications must be in writing and signed by both petitioner and Mrs. Ellis. Petitioner argues, however, that the majority of case law in this area is stale. Petitioner contends that this case law was decided before the effective dates of the changes made to section 71 by the Deficit Reduction Act of 1984. Petitioner points out that the new section 71 eliminated the requirement that payments be made pursuant to a legal obligation. Thus, petitioner claims that he is entitled to deduct payments based on one-third of his net take-home pay which was far in excess of the amount of alimony required under the agreement. Section 71, as amended, changes the definition of alimony. The Staff of the Joint Committee on Taxation in its explanation of the provisions of the Tax Reform Act of 1984 explains the new provisions as follows at page 715: Under the Act, an alimony payment must meet several requirements. The payment must be made in cash and be received by, or on behalf of, the payor spouse (or former spouse). A payment can also qualify as alimony, for example, where a cash payment is made to a third party for the benefit of the payee spouse. As under prior *512 law, an alimony payment must be made under a decree of divorce or separate maintenance or under a written instrument incident to the divorce, a written separation agreement, or a decree requiring support or maintenance payments. [Emphasis supplied.]
The requirement of a writing, therefore, has not been changed. Petitioner's benevolence and adherence to the understandings regarding the divorce are admirable and rarely seen. We note that the lack of recent case law analogous to petitioner's situation is probably due to the payor's reticence to pay amounts in excess of that required, without an enforceable written agreement which clearly sets forth the terms. Thus, new section 71 affirmed the well settled requirement that the payments must be made pursuant to a written instrument. Although the result may seem harsh, at least petitioner may solve his problem for future years by modifying the present written agreement to provide for the increase (or decrease) in alimony payments based upon one-third of petitioner's net take-home pay. Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code as amended and in effect for the taxable year in question unless otherwise indicated. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Section 422(a), Deficit Reduction Act of 1984, 98 Stat. 494, 795, amended section 71. Section 71↩, as amended, applies to divorce instruments executed after December 31, 1984, as well as to divorce instruments executed before January 1, 1985, but modified after such date if the modification expressly provides that the amendments made by this section shall apply. Sec. 422(e).