BEN D. STEVENS and PATRICIA D. STEVENS, Petitioners, v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Stevens v. Commissioner
Docket No. 18158-80
United States Tax Court
T.C. Memo 1982-352; 1982 Tax Ct. Memo LEXIS 394; 44 T.C.M. (CCH) 220; T.C.M. (RIA) 82352; June 22, 1982. George A. Young, for the petitioners. Ana G. Cummings,Josephine M. Patterson, and James N. Mullen, for the respondent. WILBUR
MEMORANDUM FINDINGS OF FACT AND OPINION WILBUR, Judge: Respondent determined a deficiency in petitioners' Federal income taxes for the year 1977 in the amount of $3,218. The issue is whether any part of the amounts received by petitioner Patricia D. Stevens pursuant to a separation agreement and divorce decree is child support excludable *395 from income under section 71(b), Internal Revenue Code of 1954. [1]
FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioners resided in Houston, Texas at the time the petition in this case was filed. Petitioner Patricia D. Stevens (hereinafter petitioner) married Garner Klein on or about August 27, 1955. Three children were born of this marriage: Kevin Wayne, born July 11, 1956, Samuel Kyle, born January 9, 1958, and Lisa Kay, born January 18, 1960. In March 1971, petitioner filed her original petition for divorce. On or about August 19, 1971, petitioner and Garner Klein entered into a separation agreement which provided in pertinent part: VIII. PERIODIC PAYMENTS
Entirely separate and apart from the division of the community estate of the parties as provided in Paragraph III hereof, wife hereby relinquishes a *396 present legal right to support in exchange for husband's contractual obligation to make certain periodic payments as herein set forth subject to the same becoming a legal obligation to be imposed on or incurred by the husband pursuant to the terms of a Final Decree of Divorce to be entered in the above entitled and numbered cause. Further, in determining the amount of the periodic payments which are herein set forth and the terms and conditions under which the same are to be made, the parties (after extensive arm's length negotiations) have considered any inchoate marital rights which wife would have pursuant to Texas Law by reason of there being a disparity in earning power between wife and husband, the fact that no income producing property is being transferred to the wife and also the needs of the wife who hereafter will have the sole obligation to provide a home and support for the minor children of the parties (except as otherwise specifically provided herein) and who will have the sole obligation of maintaining a satisfactory standard of living for herself. For the aforesaid reasons, the parties hereto agree that any Decree of Divorce which may hereafter be entered in the above *397 entitled and numbered cause will impose upon the husband the legal and contractual obligation to make the following periodic payments in the amounts, at the times, and subject to the conditions which are hereinafter specifically set forth, to-wit: (a) Twelve Hundred Fifty Dollars and No/100THS ($1,250.00) per month, such payments to commence on the first (1st) day of the month following the entry of a Final Decree of Divorce and to be made on the first (1st) day of each succeeding month for One Hundred Twenty (120) months thereafter until a total of One Hundred Twenty-one (121) payments of Twelve Hundred Fifty Dollars and No/100ths ($1,250.00) each has been made. The aforesaid payments are subject only to the contingencies of the death of either husband or wife within the aforesaid period and shall terminate in the event either of the parties should die within such period but shall not terminate for any other reason and shall not be subject to reduction in any manner as the children of the parties attain the age of eighteen (18) years. The parties hereto agree that the aforesaid periodic payments are not installment payments discharging an obligation which can be calculated in *398 terms of a principal sum of money, and in the event such payments should cease by reason of the contingencies herein specified, neither wife nor her heirs or legal representatives would have any claim against husband or his heirs or legal representatives. (b) After the expiration of One Hundred Twenty-one (121) months following the entry of any Decree of Divorce, the aforesaid periodic payments shall be reduced to Five Hundred and No/100ths Dollars ($500.00) per month payable on the first (1st) day of each calendar month thereafter, except that such periodic payments shall be subject to each and all of the following contingencies, to-wit: (1) The death of husband or the death of wife. (2) The remarriage of wife, or (3) In no event shall such payments exceed Twenty-five percent (25%) of the net income of husband after payment of all Federal Income Taxes. The parties hereto agree that the aforesaid periodic payments are not installment payments discharging any part of an obligation to pay a principal sum, and that such legal obligation on the part of husband to pay such periodic payments shall cease and terminate upon the remarriage of wife; and further, in the event of *399 the death of either party such payments shall cease and terminate and neither wife nor her heirs or legal representatives shall acquire any claim against husband or his heirs or legal representatives by reason of such termination. IX. PERIODIC PAYMENTS SPENDTHRIFT PROVISION
It is agreed that all of the periodic payments specified in Paragraph VIII of this agreement are intended to provide support for the wife and to enable her to maintain a satisfactory standard of living for herself and the children of the parties. * * * XIV. REFUNDS OR TAX SAVINGS PAYABLE TO HUSBAND
In negotiating this agreement and particularly in calculating the amount and duration of periodic payments and other benefits to be received by wife, the parties hereto contemplate that periodic payments under PARAGRAPH VIII will be deductible by the husband and taxable to the wife. On or about August 20, 1971, a final decree of divorce was entered, incorporating therein the provisions of the separation agreement and awarding petitioner custody of her three children. Pursuant to Article VIII of the separation agreement, petitioner received monthly payments of $1,250 from Garner Klein, starting *400 September 1, 1971 and continuing for each month in 1977. Petitioners reported in their original 1977 Federal income tax return the sum of $15,000 as alimony income, representing the monthly payments during 1977. OPINION At issue herein are the monthly payments of $1,250 petitioner received during 1977 from Garner Klein pursuant to the terms of a written separation agreement. Respondent contends that the full amount of these payments is includable in petitioner's income as alimony under section 71(a). [2] Petitioner argues, however, that these payments represent child support payments for her three children and are thus excludable from her gross income under section 71(b). We agree with respondent that the total amount of support payments received by petitioner during 1977 is includable in her gross income as alimony. Section 71(a)[3] provides the general rule that the wife's gross income includes periodic payments received after and pursuant to a written separation agreement or divorce decree and because of the marital relationship. Section 71(b), [4] however, *401 provides an exception to the general rule of includability in the wife's income for any amount of the payments which "the terms of the decree, instrument, or agreement fix, in terms of an amount of money or a part of the payment, as a sum which is payable for the support of minor children of the husband." In Commissioner v. Lester,366 U.S. 299 (1961), the Supreme Court held that Congress used the term "fix" in the statute to indicate that the amount of the payment allocable to child support must be specifically designated in the divorce decree or written instrument. In Lester, the Supreme Court explained section 71(b) in unequivocal language: *402 This language leaves no room for doubt. The agreement must expressly specify or "fix" a sum certain or percentage of the payment for child support before any of the payment is excluded from the wife's income. The statutory requirement is strict and carefully worded. It does not say that "a sufficiently clear purpose" on the part of the parties is sufficient to shift the tax. It says that the "written instrument" must "fix" that "portion of the payment" which is to go to the support of the children. Otherwise, the wife must pay the tax on the whole payment. We are obligated to enforce this mandate of the Congress. [366 U.S. at 303.] Article VIII of the separation agreement herein sets out monthly an amount of $1,250 to be paid to the petitioner. It does not separate a specifically fixed amount which is to be considered child support as opposed to alimony. While Article IX provided that the periodic payments under Article VIII were intended for the support of both petitioner and the children, there is no specific designation as to what amounts are to be expended for the children's benefit within the meaning of Lester.
[I]f there is to be certainty in *403 the tax consequences of such agreements the allocations to child support made therein must be "specifically designated" and not left to determination by inference or conjecture. We believe that the Congress has so demanded * * *. After all, the parties may for tax purposes act as their best interests dictate, provided, as that section requires, their action be clear and specific. Certainly the Congress has required no more and expects no less. [Commissioner v. Lester,supra at 306.] In fact, Article XIV of the separation agreement provided that: In negotiating this agreement and particularly in calculating the amount and duration of the periodic payments and other benefits to be received by wife, the parties hereto contemplate that periodic payments under Paragraph VIII will be deductible by the husband and taxable to the wife. Thus, petitioner and her former husband clearly expressed their intention that the periodic payments be classified as alimony for tax purposes. Cf. Abramo v. Commissioner,78 T.C. 154 (1982) (amounts specifically designated for child support were "fixed" under section 71(b) even though designation was prefaced *404 by the phrase "for tax purposes"). In addition, while we recognize that the wife may serve as "merely a conduit" for child support payments from the husband to the children, Emmons v. Commissioner,36 T.C. 728, 738 (1961), affd. 311 F.2d 223 (6th Cir. 1962), the payment herein is not severable. Unlike Emmons, there is here no obligation for the wife to expend a specified portion of the sum received for the support of the children. Thus it is impossible for us to find that any portion of the payment is specifically designated for the support of the children. Lester v. Commissioner,supra; Section 1.71-1(e), Income Tax Regs.[5]
*405 We conclude on the basis of this record that the entire amount received by petitioner from her former husband during the 1977 taxable year is includable in her gross income as alimony under section 71(a). Decision will be entered for the respondent.
Footnotes
1. While petitioners have conceded the issue relating to a moving expense reimbursement which was the subject of the notice of deficiency, they raised the issue under consideration in their amended petition.↩
2. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
3. SEC. 71. ALIMONY AND SEPARATE MAINTENANCE PAYMENTS. (a) GENERAL RULE.-- (1) DECREE OF DIVORCE OR SEPARATE MAINTENANCE.--If a wife is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, the wife's gross income includes periodic payments (whether or not made at regular intervals) received after such decree in discharge of (or attributable to property transferred, in trust or otherwise, in discharge of) a legal obligation which, because of the marital or family relationship, is imposed on or incurred by the husband under the decree or under a written instrument incident to such divorce or separation. (2). WRITTEN SEPARATION AGREEMENT.--If a wife is separated from her husband and there is a written separation agreement executed after the date of the enactment of this title, the wife's gross income includes periodic payments (whether or not made at regular intervals) received after such agreement is is executed which are made under such agreement and because of the marital or family relationship (or which are attributable to property transferred, in trust or otherwise, under such agreement and because of such relationshiop). This paragraph shall not apply if the husband and wife make a single return jointly. * * * ↩
4. SEC. 71. ALIMONY AND SEPARATE MAINTENANCE PAYMENTS. (b) PAYMENTS TO SUPPORT MINOR CHILDREN.--Subsection (a) shall not apply to that part of any payment which the terms of the decree, instrument, or agreement fix, in terms of an amount of money or a part of the payment, as a sum which is payable for the support of minor children of the husband. For purposes of the preceding sentence, if any payment is less than the amount specified in the decree, instrument, or agreement, then so much of such payment as does not exceed the sum payable for support shall be considered a payment for such support.↩
5. Petitioner's reliance on Henry v. Commissioner,76 T.C. 455 (1981) is misplaced. In Henry, we held that payments received by the wife were not alimony since under the decree, the wife was legally required to spend the funds for her children's benefit. The decree there specified that all funds were to be received by the wife "for the benefit of" the children. In the instant case, although the agreement contemplated that the funds be used for the support of the children, that purpose is inexorably intertwined with provisions of support and maintenance for petitioner. Thus, no part of the periodic payments were fixed as "payable for the support of minor children of the husband" under sec. 71(b). Petitioner argues further that under Texas law, the payments described in the separation agreement cannot be considered alimony since the agreement does not effectively provide for the children's support. Without delving into the policies and laws of the state of Texas regarding child support, we merely point out that Federal and not state law is determinative of the character of such payments involved herein. Taylor v. Campbell,335 F.2d 841 (5th Cir. 1964); Newbury v. Commissioner,46 T.C. 690 (1966). See Commissioner v. Lester,366 U.S. 299↩ (1961).